UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **D'ANDRE C. MOORE** | **CIVIL ACTION** |
| **versus** | **NO. 06-2030** |
| **JIM RODGERS** | **SECTION: "R" (3)** |

### REPORT AND RECOMMENDATION

This matter was referred to this United States Magistrate Judge for the purpose of conducting a hearing, including an evidentiary hearing, if necessary, and submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B) and (C) and, as applicable, Rule 8(b) of the Rules Governing Section 2254 Cases in the United States District Courts. Upon review of the record, the Court has determined that this matter can be disposed of without an evidentiary hearing. See 28 U.S.C. § 2254(e)(2).[1] Therefore, for all of the following reasons, **IT IS RECOMMENDED** that the petition be **DISMISSED WITH PREJUDICE**.

---

[1] Pursuant to 28 U.S.C. § 2254(e)(2), whether to hold an evidentiary hearing is now a statutorily mandated determination. According to Section 2254(e)(2), the district court generally may hold an evidentiary hearing only when the petitioner has shown that either the claim relies on a new, retroactive rule of constitutional law that was previously unavailable (28 U.S.C. § 2254(e)(2)(A)(i)) or the claim relies on a factual basis that could not have been previously discovered through the exercise of due diligence (28 U.S.C. § 2254(e)(2)(A)(ii)); and the facts underlying the claim show by clear and convincing evidence that, but for the constitutional error, no reasonable jury would have convicted the petitioner (28 U.S.C. § 2254(e)(2)(B)).

Petitioner, D'Andre C. Moore, is a state prisoner incarcerated at the Rayburn Correctional Center, Angie, Louisiana. On June 22, 2000, he was found guilty of a crime against nature by solicitation in violation of Louisiana law.[2] On September 20, 2000, he pled guilty to being a second offender and was sentenced as such to a term of ten years imprisonment.[3] On September 26, 2001, the Louisiana Fourth Circuit Court of Appeal affirmed his conviction and sentence.[4] He then filed a motion for reconsideration[5] which was refused on November 16, 2001.

On November 18, 2001, petitioner filed with the state district court an application for post-conviction relief.[6] When he received no ruling on that application, he filed with the Louisiana Fourth Circuit Court of Appeal an application for a supervisory writ[7] which was denied on March

---

[2] State Rec., Vol. I of I, minute entry dated June 22, 2000; State Rec., Vol. I of I, jury verdict form.

[3] State Rec., Vol. I of I, transcript of September 20, 2000; State Rec., Vol. I of I, minute entry dated September 20, 2000.

[4] State v. Moore, 797 So.2d 756 (La. App. 4th Cir. 2001) (No. 2000-KA-2282); State Rec., Vol. I of I.

[5] State Rec., Vol. I of I.

[6] State Rec., Vol. I of I.

[7] State Rec., Vol. I of I.

1, 2002.[8]  He then filed with the Louisiana Supreme Court a related writ application[9] which was denied on May 9, 2003.[10]

On September 3, 2003, petitioner filed with the state district court an application for post-conviction relief[11] which was denied on February 17, 2005.[12] He next filed with the Louisiana Fourth Circuit Court of Appeal an application for a supervisory writ and/or review[13] which was denied on April 1, 2005.[14] He then filed with the Louisiana Supreme Court an application for a writ of certiorari and/or review[15] which was denied on March 10, 2006.[16]

On March 27, 2006, petitioner filed this federal application for *habeas corpus* relief.[17] In support of his application, he raises the following claims:

    1.    Petitioner received ineffective assistance of counsel;

---

[8] State v. Moore, No. 2002-K-0189 (La. App. 4th Cir. Mar. 1, 2002) (unpublished); State Rec., Vol. I of I.

[9] See Rec. Doc. 3, p. 8.

[10] State *ex rel.* Moore v. State, 843 So.2d 391 (La. 2003) (No. 2002-KH-1603).

[11] State Rec., Vol. I of I.

[12] State Rec., Vol. I of I, Judgment dated February 17, 2005.

[13] State Rec., Vol. I of I.

[14] State v. Moore, No. 2005-K-0457 (La. App. 4th Cir. Apr. 1, 2005) (unpublished); State Rec., Vol. I of I.

[15] State Rec., Vol. I of I.

[16] State *ex rel.* Moore v. State, 925 So.2d 496 (La. 2006) (No. 2005-KH-1452); State Rec., Vol. I of I.

[17] Rec. Doc. 3.

        2.       There was insufficient evidence to support petitioner's conviction;

        3.       The statute under which petitioner was convicted is unconstitutional; and

        4.       Petitioner's sentence is excessive.

The state argues that petitioner's federal application is untimely.[18] The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") generally requires that a petitioner bring his Section 2254 claims within one (1) year of the date on which his conviction or sentence becomes "final." Under the AEDPA, a judgment is considered "final" upon the expiration of time for seeking direct review. 28 U.S.C. § 2244(d)(1)(A).[19]

As noted, on November 16, 2001, the Louisiana Fourth Circuit Court of Appeal refused petitioner's motion for reconsideration of the judgment affirming his conviction and sentence. At that point, petitioner had thirty days in which to seek review of that judgment by filing a writ application with the Louisiana Supreme Court. Louisiana Supreme Court Rule X, § 5(a). Because he failed to file a writ application within that period, his conviction became final for AEDPA purposes thirty days later when that period expired. Roberts v. Cockrell, 319 F.3d 690,

---

[18] Rec. Doc. 13.

[19] The state and petitioner agree that 28 U.S.C. § 2244(d)(1)(A) is the applicable provision for determining the commencement of the statute of limitations in the instant case. See Rec. Docs. 13 and 16.

693-94 (5th Cir. 2003).[20] Under normal circumstances, the federal statute of limitations would have then commenced.

However, in this case, petitioner's statute of limitations did not begin running at that point because he had already tolled the limitations period by filing an application for post-conviction relief with the state district court on November 18, 2001. See 28 U.S.C. § 2244(d)(2) ("The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."). Further, the statute of limitations remained pending at least until the expiration of petitioner's period for seeking review of the related denial by the Louisiana Fourth Circuit Court of Appeal on March 1, 2002. See Melancon v. Kaylo, 259 F.3d 401, 406 (5th Cir. 2001); Orgeron v. Cain, Civ. Action No. 06-1451, 2206 WL 2789087, at *4 (E.D. La. Sept. 8, 2006).

The parties disagree as to precisely when petitioner's period expired for seeking such review. On that issue, the applicable rule of the Louisiana Supreme Court provides:

> An application seeking to review a judgment of the court of appeal ... after a denial of an application, shall be made *within thirty days of the mailing of the notice* of the original judgment of the court of appeal .... *No extension of time therefor will be granted*.

Louisiana Supreme Court Rule X, § 5(a) (emphasis added). The state assumes that the mailing of the notice occurred on March 1, 2002, the date the judgment was rendered. However, in his objections to the state's response in this proceeding, petitioner has furnished evidence showing that,

---

[20] To the extent that petitioner is arguing that his conviction was somehow "definalized" as a result of the writ application he filed in May 2002, he is clearly wrong. See Salinas v. Dretke, 354 F.3d 425 (5th Cir. 2004); Darbonne v. Cain, No. Civ. A. 06-0856, 2006 WL 2457988, at *6 (W.D. La. Aug. 21, 2006).

due to his change of address, mailing of his copy of the notice did not in fact occur until March 25, 2002.[21]

Even if the Court accepts petitioner's evidence as authentic, it ultimately does not aid him. Assuming that the notice was not mailed to petitioner until March 25, 2002, his period for filing a related writ application with the Louisiana Supreme Court would have expired thirty days later on April 24, 2002. However, even petitioner concedes that his related writ application was not filed with the Louisiana Supreme Court until long after that date.[22] Because petitioner acknowledges that his writ application was not filed within the applicable thirty-day period, and because the Louisiana Supreme Court Rule specifically provides that no extension of the thirty-day period will be granted, petitioner's Louisiana Supreme Court writ application was untimely filed. Accordingly, the undersigned finds that tolling ceased and petitioner's federal statute of limitations commenced no later than April 24, 2002, upon expiration of his period for filing a timely Louisiana Supreme Court writ application. See Melancon v. Kaylo, 259 F.3d 401, 406 (5th Cir. 2001); Orgeron v. Cain, Civ. Action No. 06-1451, 2206 WL 2789087, at *4 (E.D. La. Sept. 8, 2006). Therefore, his statute of limitations necessarily expired one year later, i.e. on April 24, 2003, unless that deadline was extended by further tolling.

---

[21] Rec. Doc. 16, Attachment A(2). He has further provided evidence that he received that notice two days later on March 27, 2002. Rec. Doc. 16, Attachment A(1).

[22] In his original petition, he contends that the writ application was filed on May 14, 2002. See Rec. Doc. 3, p. 8. In his objections to the state's response, he contends that the application was filed on May 9, 2002. See Rec. Doc. 16, p. 4.

It is clear that petitioner is not entitled to further statutory tolling. The only state application petitioner had pending at any time between April 24, 2002, and April 24, 2003, was the untimely Louisiana Supreme Court writ application. Pursuant to Williams v. Cain, 217 F.3d 303 (5th Cir. 2000), petitioner gets no tolling credit for that untimely application. In Williams, the petitioner filed an untimely writ application with the Louisiana Supreme Court in May, 1995, prior to enactment of the AEDPA. That application was subsequently denied without reasons assigned in April, 1997. The United States Fifth Circuit Court of Appeals found that the untimely writ application had *no effect* on the AEDPA statute of limitations, holding that: "*No tolling applies. The period for filing a section 2254 petition expired on April 24, 1997.*" Id. at 311 (emphasis added). Therefore, in light of Williams, this Court must conclude that petitioner receives no statutory tolling credit whatsoever for the untimely Louisiana Supreme Court writ application. See also Pace v. DiGuglielmo, 544 U.S. 408, 414 (2005) ("When a postconviction application is untimely under state law, 'that [is] the end of the matter' for purposes of § 2244(d)(2).").[23]

The Court notes that the United States Fifth Circuit Court of Appeals has held that the AEDPA's statute of limitations can, in rare and exceptional circumstances, be equitably tolled. See Davis v. Johnson, 158 F.3d 806, 811 (5th Cir. 1998). However, "[e]quitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is

---

[23] The Court notes that petitioner subsequently filed a post-conviction application on September 3, 2003. Because that application was filed after the expiration of the statute of limitations, it has no bearing on the timeliness of petitioner's federal application. See Scott v. Johnson, 227 F.3d 260, 263 (5th Cir. 2000); Magee v. Cain, Civ. Action No. 99-3867, 2000 WL 1023423, at *4, aff'd, 253 F.3d 702 (5th Cir. 2001); Williams v. Cain, Civ. Action No. 00-536, 2000 WL 863132, at *2 (E.D. La. June 27, 2000).

prevented in some extraordinary way from asserting his rights." Coleman v. Johnson, 184 F.3d 398, 402 (5th Cir. 1999) (internal quotes and citations omitted). This Court knows of no reason that would support equitable tolling of the statute of limitations regarding petitioner's federal application for *habeas corpus* relief.

Because petitioner is entitled to neither further statutory tolling nor equitable tolling, his federal application for *habeas corpus* relief had to be filed on or before April 24, 2003, in order to be timely. Petitioner's federal application was not filed until March 27, 2006,[24] and it is therefore untimely.

### **RECOMMENDATION**

Accordingly, **IT IS RECOMMENDED** that the petition for federal *habeas corpus* relief filed by D'Andre C. Moore be **DISMISSED WITH PREJUDICE**.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

---

[24] Petitioner signed his application on March 27, 2006. Rec. Doc. 3. That date represents the earliest date that petitioner could have presented his application to prison officials for mailing and, therefore, the earliest date that this Court could deem his *habeas* petition to have been filed for statute of limitations purposes. Roberts v. Cockrell, 319 F.3d 690, 691 n.2 (5th Cir. 2003).

New Orleans, Louisiana, this third day of July, 2007.

_____
**DANIEL E. KNOWLES, III
UNITED STATES MAGISTRATE JUDGE**