UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**D'ANDRE C. MOORE**                 **CIVIL ACTION**

**versus**                       **NO. 06-2030**

**JIM RODGERS**                 **SECTION: "R" (3)**

### SUPPLEMENTAL REPORT AND RECOMMENDATION

Petitioner, D'Andre C. Moore, was convicted in state court of a crime against nature by solicitation, a conviction which he now seeks to challenge in this federal *habeas corpus* proceeding. On July 3, 2007, the undersigned issued a report recommending that petitioner's federal application be dismissed as untimely.[1] On December 18, 2007, the United States District Judge remanded this matter for consideration of whether petitioner's claims should be considered timely under 28 U.S.C. § 2244(d)(1)(C) in light of the United States Supreme Court's decision in Lawrence v. Texas, 539 U.S. 558 (2003).[2]

Section 2244(d)(1)(C) delays the commencement of the federal *habeas corpus* limitations period in those cases in which a petitioner's claim is based on the assertion of a constitutional right newly recognized by the United States Supreme Court and made retroactively

---

[1] Rec. Doc. 19.

[2] Rec. Doc. 21.

applicable to cases on collateral review.³   The undersigned would agree that, in <u>Lawrence</u>, the United States Supreme Court newly recognized a constitutional right, i.e. the right of consenting adults to engage in private and non-remunerative homosexual activity.  However, that right simply is not implicated in the instant case.

Petitioner was *not* convicted of engaging in private and non-remunerative homosexual activity.  On the contrary, he was convicted of violating La.Rev.Stat.Ann. § 14:89(A)(2), which criminalizes certain sexual acts *for compensation*, *regardless* of whether the acts

---

³ Section 2244(d)(1) states:

(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of –

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
*(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or*
(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1) (emphasis added).

are heterosexual or homosexual in nature.[4]  Therefore, Lawrence is inapposite.  As the Louisiana Supreme Court has explained, "Lawrence does not address prostitution, and in Louisiana, by definition, prostitution includes solicitation.  Thus, Lawrence has no effect on [a] defendant who is charged with a violation of LSA-R.S. 14:89(A)(2)."  State v. Thomas, 891 So.2d 1233, 1237 (La. 2005) (footnote omitted).

       The Louisiana Supreme Court's holding in Thomas is entirely consistent with Lawrence.  As the United States Seventh Circuit Court of Appeals noted:  "Lawrence ... did not announce ... a fundamental right, protected by the Constitution, for adults to engage in all manner of consensual sexual conduct ....  The Court certainly had not announced such a right prior to Lawrence, and Lawrence, whatever its ramifications, does not, in and of itself, go so far."  Muth v. Frank, 412 F.3d 808, 817 (7th Cir. 2005).  Indeed, the Supreme Court expressly indicated in

---

[4] La.Rev.Stat.Ann. § 14:89(A)(2) provides:  "Crime against nature is ... [t]he solicitation by a human being of another with the intent to engage in any unnatural carnal copulation for compensation."  The facts of petitioner's crime were summarized on direct appeal by the Louisiana Fourth Circuit Court of Appeal:

> The arresting officer, Vincent Provenzano, a member of the Vice Crimes Section of the New Orleans Police Department testified that on May 3, 2000 he was patrolling an area described as the Lower Quarter bounded by Esplanade Avenue, St. Claude Street, and the Mississippi River, in an undercover capacity.  Provenzano testified that while in the 600 block of Esplanade the defendant flagged him down and asked for a ride.  After getting into the vehicle, Moore attempted to assure himself that Provenzano was not a police officer, and, once assuaged, he inquired if Provenzano wanted him to perform oral sex.  After Moore established that it would cost fifty dollars, Provenzano alerted other units who arrested the defendant.

State v. Moore, 797 So.2d 756, 759 (La. App. 4th Cir. 2001).

Lawrence that its holding was a narrow one, noting: "The present case does not involve minors. It does not involve persons who might be injured or coerced or who are situated in relationships where consent might not easily be refused. *It does not involve public conduct or prostitution*." Lawrence, 539 U.S. at 578 (emphasis added).

As noted, § 2244(d)(1)(C) delays the commencement of the federal limitations period *only* when a petitioner's claim is based on the assertion of a newly recognized constitutional right. That subsection would be applicable in the instant case only if the United States Supreme Court had newly recognized in Lawrence a constitutional right of prostitutes to engage in oral sex for money. Obviously, the Supreme Court did not do so, and § 2244(d)(1)(C) is simply inapplicable in the instant case. Rather, the timeliness of petitioner's federal application must be determined under 28 U.S.C. § 2244(d)(1)(A), and it is clearly untimely under that provision for the reasons set forth in detail in the original Report and Recommendation.[5]

## RECOMMENDATION

Accordingly, **IT IS RECOMMENDED** that the petition for federal *habeas corpus* relief filed by D'Andre C. Moore be **DISMISSED WITH PREJUDICE** as untimely.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from

---

[5] Rec. Doc. 19.

a failure to object.  Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

     New Orleans, Louisiana, this tenth day of January, 2008.

                                     **DANIEL E. KNOWLES, III**
                                     **UNITED STATES MAGISTRATE JUDGE**